FILED
2022 May-16  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,** | § § § § § § | |
| **PLAINTIFFS,** | § § | |
| **VS.** | § § | **CIVIL ACTION NO.** **7:22-cv-00443-LSC** |
| **TUSCALOOSA LOCKSMITH, LLC and BRYAN LINN JONES,** | § § | **JURY TRIAL DEMANDED** |
| **DEFENDANTS.** | § § | |

## DEFENDANT TUSCALOOSA LOCKSMITH, LLC'S
## ANSWER TO COMPLAINT, COUNTERCLAIM, AND CROSS CLAIM

Defendant Tuscaloosa Locksmith, LLC ("Tuscaloosa Locksmith") answers the Complaint (Doc. 1) filed against it by Travelers Casualty Insurance Company of America and Travelers Property Casualty Company of America (collectively "Travelers"), stating as follows:

## PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4.  Admitted upon information and belief.

1

5.  Denied.

6.  Admitted.

## **FACTUAL ALLEGATIONS**

7.  Admitted.

8.  Admitted.

9.  Denied that the policy in question is styled as a "Business PAC-Locksmiths Policy." Tuscaloosa Locksmith lacks sufficient knowledge or information to form a belief about the truth of whether Travelers issued a policy "[b]ased on information Tuscaloosa Locksmith provided" and whether it renewed the policy based on the same information; therefore, those allegations are denied. The remainder of paragraph 9 is admitted except that the policy was issued and renewed by Travelers Casualty Insurance Company of America.

10.  Denied.

11.  Denied that the policy in question is styled as a "Business-PA-Locksmiths Policy." The remainder of this paragraph is admitted.

12.  Denied that the policy in question is styled as a "Business-PACLocksmiths Policy." The remainder of this paragraph is admitted.

13.  Denied that the policy in question is styled as a "Business-PAC Locksmiths Policy." The remainder of this paragraph is admitted.

14.   Denied that the policy in question is styled as a "Business-PAC Locksmiths Policy." The remainder of this paragraph is admitted.

15.  Tuscaloosa Locksmith lacks sufficient knowledge or information to form a belief about the truth of whether Travelers issued a policy "[b]ased on information Tuscaloosa Locksmith provided" and whether it renewed the policy based on the same information; therefore, those allegations are denied.  The remainder of this paragraph is admitted except that the original policy was issued by Travelers Indemnity Company.

16.  Admitted.

17.   Denied that the policy in question is styled as a "Business PAC-Locksmiths Policy." The remainder of this paragraph is admitted.

18.  Admitted.

19.  Admitted.

20.  Admitted.

21.  Admitted.

22.  Admitted.

23. Admitted only that the Complaint in the Underlying Lawsuit makes this allegation.

24.  Admitted.

25.  Admitted.

26. Tuscaloosa Locksmith lacks sufficient knowledge or information to form a belief about the truth of this paragraph; therefore, it is denied.

27. Denied.

28. Admitted.

29. This paragraph calls for a legal conclusion. To the extent a response is required, this paragraph is denied.

30. Admitted.

31. Admitted.

32. Denied that the policy in question is styled as a "Business PAC-Locksmiths Policy." The remainder of this paragraph is admitted.

33. Tuscaloosa Locksmith lacks sufficient knowledge or information to form a belief about the truth of this paragraph; therefore, it is denied.

34. Denied.

35. Denied.

36. Denied.

37. Admitted.

**COUNT I**
**RECISSION**

38. Tuscaloosa Locksmith incorporates all of its previous responses to the allegations of the Complaint as if fully set forth herein.

39. Denied.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

**COUNT II**
**DECLARATORY JUDGMENT OF**
**NO COVERAGE UNDER THE POLICIES**

46. Tuscaloosa Locksmith incorporates all of its previous responses to the allegations of the Complaint as if fully set forth herein.

47. Denied.

48. Denied.

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

53. Admitted.

54. Denied.

55. Denied.

56.  This paragraph does not appear to require a response from Tuscaloosa Locksmith. If a response is required, this paragraph is denied.

57.  Denied.

**RELIEF REQUESTED**

Tuscaloosa Locksmith denies that Travelers is entitled to the relief requested in the "RELIEF REQUESTED" section of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Tuscaloosa Locksmith pleads waiver.

**THIRD DEFENSE**

Tuscaloosa Locksmith pleads estoppel.

**FOURTH DEFENSE**

Tuscaloosa Locksmith pleads laches.

**FIFTH DEFENSE**

Tuscaloosa Locksmith pleads unclean hands.

**SIXTH DEFENSE**

Tuscaloosa Locksmith pleads acquiescence.

## SEVENTH DEFENSE

Section 27-14-7(a), *Ala. Code*, does not apply to Travelers' count for recission

to the extent that § 27-14-7(a) has been modified by the terms of the policies at issue,

including the "Respresentations" language of the policies.

## EIGHTH DEFENSE

The Court lacks subject matter jurisdiction.

## NINTH DEFENSE

The Court should decline jurisdiction over this action due to the pendency of

a parallel state court action.

## TENTH DEFENSE

Travelers' request that this Court find that it does not have a duty to indemnify

Tuscaloosa Locksmith is not ripe for adjudication.

## ELEVENTH DEFENSE

Travelers is not entitled to reimbursement of its defense costs incurred in

defending the Underlying Lawsuit.

## TWELFTH DEFENSE

Tuscaloosa Locksmith contests the relief that Travelers seeks through its

Complaint.

## THIRTEENTH DEFENSE

The "Representation" provisions of the Business-PAC and Excess/Umbrella Policies contemplate that innocent misrepresentations and omissions do not provide a basis for recission of the Policies.

## COUNTERCLAIM AND CROSS CLAIM

Tuscaloosa Locksmith, LLC hereby files this Counterclaim pursuant to Rule 13(a), *Fed. R. Civ. P.* and Cross Claim pursuant to Rule 13(g), *Fed. R. Civ. P.*, stating as follows:

1. Counterclaimant/cross claimant Tuscaloosa Locksmith, LLC ("Tuscaloosa Locksmith") is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Alabama. Peter Mitchell, the sole member of Tuscaloosa Locksmith, is an adult resident citizen of Alabama, residing in Tuscaloosa, Alabama.

2. Counterclaim Defendant Travelers Casualty Insurance Company of America ("Travelers Casualty") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

3. Counterclaim Defendant Travelers Property Casualty Company of America ("Travelers Property") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

4. Travelers Casualty and Travelers Property are separate entities.

5.   Upon information and belief, Cross-claim Defendant Bryan Linn Jones ("Jones") is an adult resident citizen of Alabama.

6.   Traveler Casualty issued a "Business-PAC Policy," policy number 680-1F031844-14-42, to Tuscaloosa Locksmith as the named insured for the period of September 19, 2014 to September 19, 2015. Travelers Casualty renewed the policy each year thereafter through the present.

7.   Travelers Indemnity Company issued a Commercial Excess Liability (Umbrella) Insurance Policy ("Excess/Umbrella Policy"), policy number CUP-1F094923-14-42, to Tuscaloosa Locksmith as the named insured for the period of September 19, 2014 to September 19, 2015. This policy has been renewed each year thereafter, and Travelers Property is currently listed as the insuring company for the Excess/Umbrella Policy.

8.   The Excess/Umbrella Policy's Declarations do not contain any business classifications.

9.   The Excess/Umbrella Policy provides in pertinent part:

**SECTION I – COVERAGES**

*******************

**B.    COVERAGE B — UMBRELLA LIABILITY**

   **1.**   We will pay on behalf of the insured those sums in excess of the "self-insured retention" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage",

"personal injury" or "advertising injury" to which Coverage **B** of this insurance applies.

**2.** Coverage **B** of this insurance applies to "bodily injury" or "property damage" only if:

  **a.** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place anywhere in the world;

  **b.** The "bodily injury" or "property damage" occurs during the policy period;

******************

**D. DEFENSE AND SUPPLEMENTARY PAYMENTS**

**1.** We will have the right and duty to defend the insured:

******************

**b.** Under Coverage **B** against a "suit" seeking damages to which such coverage applies.

**2.** We have no duty to defend any insured against any "suit":

**a.** Seeking damages to which this insurance does not apply; or

**b.** If any other insurer has a duty to defend.

10.  The Excess/Umbrella Policy defines "bodily injury" as:

**a.** Physical harm, including sickness or disease, sustained by a person; or

**b.** Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease.

11.   An "occurrence" under the Excess/Umbrella Policy "with respect to 'bodily injury'" means "[a]n accident, including continuous or repeated exposure to

substantially the same general harmful conditions, which results in 'bodily injury' …."

12.   The Excess/Umbrella Policy defines "self-insured retention" as the greater of:

a. The amount shown in the Declarations which the insured must first pay under Coverage **B** for damages because of all "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of any one "occurrence"; or

b.  The applicable limit of insurance of any "other insurance" that applies.

13.  The Excess/Umbrella Policy defines "suit" as "a civil proceeding which alleges damages."

14.  On February 4, 2022, Jones filed an action against Tuscaloosa Locksmith in the Circuit Court of Tuscaloosa County, Alabama styled *Bryan Linn Jones v. Tuscaloosa Locksmith, L.L.C., et al.*, Civil Action No. CV-2022-900116 ("*Jones* suit").

15.  In the *Jones* suit, Jones alleges that he visited Tuscaloosa Locksmith's place of business on November 1, 2021 where he was injured when a firearm discharged that was being worked on by an employee of Tuscaloosa Locksmith. (Doc. 1-1 ¶¶4-11).

16.  Jones alleges that the employee of Tuscaloosa Locksmith "placed a live 270 Winchester Magnum cartridge in the chamber of the firearm inside of the establishment and slid the bolt action closed, causing the rifle to discharge." (*Id.* ¶7).

17.  Jones alleges that shrapnel from a bullet struck him causing him to suffer "a large right lung pleural effusion, right hemothorax, and renal failure." (*Id.* ¶¶ 9, 11).

18.  The *Jones* suit alleges negligence, negligence per se/strict liability, and wantonness against Tuscaloosa Locksmith. (*Id.* ¶¶15-30).

## COUNT FOR DECLARATORY JUDGMENT

19.  Tuscaloosa Locksmith incorporates by reference paragraphs 1 through 18.

20.  The claims made in the *Jones* suit constitute "bodily injury" caused by an "occurrence" as those terms are defined in the Excess/Umbrella Policy.

21.  The injury to Jones made the basis of the *Jones* suit took place during the policy period of the Excess/Umbrella Policy.

22.  Travelers Casualty is currently defending Tuscaloosa Locksmith in the *Jones* suit under a reservation of rights under the terms of the Business-PAC Policy.

23.   Travelers Casualty contends that it does not have a duty to defend Tuscaloosa Locksmith under the terms of the Excess/Umbrella Policy because it is defending Tuscaloosa Locksmith under the Business-PAC Policy.

24.  In the Complaint in this action, Travelers Casualty seeks a declaration that it does not have a duty to defend Tuscaloosa Locksmith under the Business-PAC Policy.

25.  The Excess/Umbrella Policy provides that Travelers Property has a duty to defend Tuscaloosa Locksmith against a "suit" for damages alleging "bodily injury" caused by an "occurrence."

26.  Tuscaloosa Locksmith denies that Travelers Casualty does not have a duty to defend it in the *Jones* suit under the terms of the Business-PAC Policy. Tuscaloosa Locksmith expects that coverage under the Business-PAC Policy will be hotly contested. Nevertheless, if this Court finds that Travelers Casualty does not have a duty to defend Tuscaloosa Locksmith under the terms of the Business-PAC policy, Travelers Property would have a duty to defend Tuscaloosa Locksmith under the terms of the Excess/Umbrella Policy.

WHEREFORE, Tuscaloosa Locksmith respectfully requests the following relief:

a.  That this Court declare that Travelers Property has a duty to defend Tuscaloosa Locksmith in the *Jones* suit under the Excess/Umbrella Policy if the Court determines that Travelers Casualty does not have a duty to defend Tuscaloosa Locksmith in the *Jones* suit under the terms of the Business-PAC Policy.

b.  That awards Tuscaloosa Locksmith attorney fees and costs for seeking this requested declaration.

c.  That this Court grant any other relief to which Tuscaloosa Locksmith may be entitled.

**TUSCALOOSA LOCKSMITH DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

*/s/  W. Ivey Gilmore Jr.*
W. Ivey Gilmore, Jr. ASB-4395-I66W
Walter S. Hayes ASB-2988-L47H
Attorneys for
Defendant/Counterclaimant/Cross claimant
Tuscaloosa Locksmith, LLC

**OF COUNSEL:**
Gilmore, Rowley, Crissey & Wilson, LLC
1905 7th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 752-8338
Facsimile:  (205) 686-1516
gilmore@gilmorerowley.com
walt@gilmorerowley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of May, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joel S. Isenberg
Susan H. McCurry
Ely & Isenberg, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, AL 35243
jisenberg@elylawllc.com
smccurry@elylawllc.com

and I hereby certify that I have mailed by U.S. Mail the foregoing to the following:

Bryan Linn Jones
c/o Joley N. Dixon
Johnstone Carroll LLC
2204 Lakeshore Drive, Suite 303
Birmingham, AL 35209

/s/ W. Ivey Gilmore, Jr.
Of Counsel for
Defendant/Counterclaimant/Cross claimant
Tuscaloosa Locksmith, LLC