# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | § § § § § § | |
| PLAINTIFFS, | § § | |
| VS. | § § | CIVIL ACTION NO. 7:22-cv-00443-LSC |
| TUSCALOOSA LOCKSMITH, LLC et al., | § § § | JURY TRIAL DEMANDED |
| DEFENDANTS. | § § | |

### DEFENDANTS TUSCALOOSA LOCKSMITH, LLC AND PETER MITCHELL'S ANSWER TO AMENDED COMPLAINT, COUNTERCLAIM, AND CROSS CLAIM

Defendants Tuscaloosa Locksmith, LLC ("Tuscaloosa Locksmith") and Peter Mitchell answer the Amended Complaint (Doc. 19) filed against them by Travelers Casualty Insurance Company of America and Travelers Property Casualty Company of America (collectively "Travelers"), stating as follows:

### PARTIES

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

1

5. Admitted upon information and belief.

## JURISDICTION AND VENUE

6. Denied.

7. Admitted.

## FACTUAL ALLEGATIONS

8. Admitted.

9. Admitted.

10. Denied that the policy in question is styled as a "Business PAC-Locksmiths Policy." Tuscaloosa Locksmith and Peter Mitchell lack sufficient knowledge or information to form a belief about the truth of whether Travelers issued a policy "[b]ased on information provided by Peter Mitchell and Tuscaloosa Locksmith" and whether it renewed the policy based on the same information; therefore, those allegations are denied. The remainder of paragraph 10 is admitted except that the policy was issued and renewed by Travelers Casualty Insurance Company of America.

11. Denied.

12. Denied that the policy in question is styled as a "Business-PAC-Locksmiths Policy." The remainder of this paragraph is admitted.

13. Denied that the policy in question is styled as a "Business-PAC Locksmiths Policy." The remainder of this paragraph is admitted.

14. Denied that the policy in question is styled as a "Business-PAC Locksmiths Policy." The remainder of this paragraph is admitted.

15. Denied that the policy in question is styled as a "Business-PAC Locksmiths Policy." The remainder of this paragraph is admitted.

16. Denied that the policy in question is styled as a "Business-PAC Locksmiths Policy." The remainder of this paragraph is admitted.

17. Tuscaloosa Locksmith and Peter Mitchell lack sufficient knowledge or information to form a belief about the truth of whether Travelers issued a policy "[b]ased on information provided by Peter Mitchell and Tuscaloosa Locksmith" and whether it renewed the policy based on the same information; therefore, those allegations are denied. The remainder of this paragraph is admitted except that the original policy was issued by Travelers Indemnity Company and was called a Commercial Excess Liability (Umbrella) Insurance Policy not an Excess Follow-Form and Umbrella Liability Insurance Policy.

18. Admitted.

19. Denied that the policy in question is styled as a "Business PAC-Locksmiths Policy." The remainder of this paragraph is admitted.

20. Admitted.

21. Admitted.

22. Admitted that Bryan Linn Jones alleges that he was injured on November 1, 2021 at Tuscaloosa Locksmith. The remainder of this paragraph is denied.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted only that the Complaint and Amended Complaint in the Underlying Lawsuit make this allegation, except that the Amended Complaint states "and repairing firearms" rather than "refinishing firearms" as stated in the Complaint; otherwise, denied.

27. Admitted only that the Complaint and Amended Complaint in the Underlying Lawsuit make this allegation; otherwise, denied.

28. Admitted only that the Complaint and Amended Complaint in the Underlying Lawsuit make these claims; otherwise, denied.

29. Admitted only that the Amended Complaint in the Underlying Lawsuit makes these allegations; otherwise, denied.

30. Tuscaloosa Locksmith and Peter Mitchell lack sufficient knowledge or information to form a belief about the truth of this paragraph; therefore, it is denied.

31. Tuscaloosa Locksmith and Peter Mitchell lack sufficient knowledge or information to form a belief about the truth of this paragraph; therefore, it is denied.

32. Denied.

33. Admitted.

34. This paragraph calls for a legal conclusion. To the extent a response is required, this paragraph is denied.

35. Admitted.

36. Admitted.

37. Denied that the policy in question is styled as a "Business PAC-Locksmiths Policy." The remainder of this paragraph is admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied that there are "coverage issues" and that the policy in question is styled as a "Business-PAC Locksmiths Policy." The remainder of this paragraph is admitted.

## COUNT I
## RESCISSION

43. Tuscaloosa Locksmith and Peter Mitchell incorporate all of their previous responses to the allegations of the Amended Complaint as if fully set forth herein.

44. Denied.

45. Admitted.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT II
## DECLARATORY JUDGMENT OF
## NO COVERAGE UNDER THE POLICIES

51. Tuscaloosa Locksmith and Peter Mitchell incorporate all of their previous responses to the allegations of the Amended Complaint as if fully set forth herein.

52. Denied.

53. Denied.

54. Admitted.

55. Denied.

56. Denied.

57. Denied.

58. Admitted.

59. Denied.

60. Denied.

61. This paragraph does not appear to require a response from Tuscaloosa Locksmith and Peter Mitchell. If a response is required, this paragraph is denied.

62. Denied.

## RELIEF REQUESTED

Tuscaloosa Locksmith and Peter Mitchell deny that Travelers is entitled to the relief requested in any of the paragraphs of the "RELIEF REQUESTED" section of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Tuscaloosa Locksmith and Peter Mitchell plead waiver.

### THIRD DEFENSE

Tuscaloosa Locksmith and Peter Mitchell plead estoppel.

### FOURTH DEFENSE

Tuscaloosa Locksmith and Peter Mitchell plead laches.

## FIFTH DEFENSE

Tuscaloosa Locksmith and Peter Mitchell plead unclean hands.

## SIXTH DEFENSE

Tuscaloosa Locksmith and Peter Mitchell plead acquiescence.

## SEVENTH DEFENSE

Section 27-14-7(a), *Ala. Code*, does not apply to Travelers' count for recission to the extent that § 27-14-7(a) has been modified by the terms of the policies at issue, including the "Representations" language of the policies.

## EIGHTH DEFENSE

The Court lacks subject matter jurisdiction.

## NINTH DEFENSE

The Court should decline jurisdiction over this action due to the pendency of a parallel state court action.

## TENTH DEFENSE

Travelers' request that this Court find that it does not have a duty to indemnify Tuscaloosa Locksmith and Peter Mitchell is not ripe for adjudication.

## ELEVENTH DEFENSE

Travelers is not entitled to reimbursement of its defense costs incurred in defending the Underlying Lawsuit.

## TWELFTH DEFENSE

Tuscaloosa Locksmith and Peter Mitchell contest the relief that Travelers seeks through its Complaint.

## THIRTEENTH DEFENSE

The "Representations" provisions of the Business-PAC and Excess/Umbrella Policies contemplate that innocent misrepresentations and omissions do not provide a basis for rescission of the Policies.

## FOURTEENTH DEFENSE

Travelers' claims are barred because they did not reasonably rely on any alleged misrepresentation, misstatement, or omission of Defendants.

## FIFTEENTH DEFENSE

Travelers' request for relief is due to be denied because the applicable policy provisions and/or exclusions on which they rely to avoid coverage are ambiguous.

## SIXTEENTH DEFENSE

Travelers' claim for rescission fails because any misstatement or omission was innocent and/or unintentional.

## SEVENTEENTH DEFENSE

Travelers' claim for rescission fails because Travelers had sufficient information to place a prudent person on notice of the true facts regarding the policyholder's business. *Banker's Life & Cas. v. Long*, 345 So.2d 1321 (Ala. 1977).

## COUNTERCLAIM AND CROSS CLAIM

Tuscaloosa Locksmith, LLC and Peter Mitchell hereby file this Counterclaim pursuant to Rule 13(a), *Fed. R. Civ. P.* and Cross Claim pursuant to Rule 13(g), *Fed. R. Civ. P.*, stating as follows:

1. Counterclaimant/cross claimant Tuscaloosa Locksmith, LLC ("Tuscaloosa Locksmith") is a limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Alabama.

2. Counterclaimant/cross claimant Peter Mitchell is the sole member of Tuscaloosa Locksmith and is an adult resident citizen of Alabama, residing in Northport, Alabama.

3. Counterclaim Defendant Travelers Casualty Insurance Company of America ("Travelers Casualty") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

4. Counterclaim Defendant Travelers Property Casualty Company of America ("Travelers Property") is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Connecticut.

5. Travelers Casualty and Travelers Property are separate entities.

6. Upon information and belief, Cross-claim Defendant Bryan Linn Jones ("Jones") is an adult resident citizen of Alabama.

7. Travelers Casualty issued a "Business-PAC Policy," policy number 680-1F031844-14-42, to Tuscaloosa Locksmith as the named insured for the period of September 19, 2014 to September 19, 2015. Travelers Casualty renewed the policy each year thereafter through September 19, 2022.

8. Travelers Indemnity Company issued a Commercial Excess Liability (Umbrella) Insurance Policy ("Excess/Umbrella Policy"), policy number CUP-1F094923-14-42, to Tuscaloosa Locksmith as the named insured for the period of September 19, 2014 to September 19, 2015. This policy was renewed each year thereafter, and Travelers Property was listed as the insuring company for the Excess/Umbrella Policy.

9. The Excess/Umbrella Policy's Declarations do not contain any business classifications.

10. The Excess/Umbrella Policy provides in pertinent part:

**SECTION I – COVERAGES**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**B.   COVERAGE B — UMBRELLA LIABILITY**

1. We will pay on behalf of the insured those sums in excess of the "self-insured retention" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage", "personal injury" or "advertising injury" to which Coverage **B** of this insurance applies.

2. Coverage **B** of this insurance applies to "bodily injury" or "property damage" only if:

      **a.** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place anywhere in the world;

      **b.** The "bodily injury" or "property damage" occurs during the policy period;

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

   **D. DEFENSE AND SUPPLEMENTARY PAYMENTS**

**1.** We will have the right and duty to defend the insured:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**b.** Under Coverage **B** against a "suit" seeking damages to which such coverage applies.

**2.** We have no duty to defend any insured against any "suit":

**a.** Seeking damages to which this insurance does not apply; or

**b.** If any other insurer has a duty to defend.

11. The Excess/Umbrella Policy defines "bodily injury" as:

**a.** Physical harm, including sickness or disease, sustained by a person; or

**b.** Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease.

12. The Excess/Umbrella Policy defines "Insured" under Coverage B as:

**1.**    The Named Insured shown in the Declarations is an insured.

**2.**    If you are:
       …
**c.**    A limited liability company, your members are also insureds, but only with respect to the conduct of your business. Your

      managers are also insureds, but only with respect to their duties as your managers.

13. An "occurrence" under the Excess/Umbrella Policy "with respect to 'bodily injury'" means "[a]n accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results in 'bodily injury' ...."

14. The Excess/Umbrella Policy defines "self-insured retention" as the greater of:

    **a.** The amount shown in the Declarations which the insured must first pay under Coverage **B** for damages because of all "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of any one "occurrence"; or

    **b.** The applicable limit of insurance of any "other insurance" that applies.

15. The Excess/Umbrella Policy defines "suit" as "a civil proceeding which alleges damages."

16. On February 4, 2022, Jones filed an action against Tuscaloosa Locksmith in the Circuit Court of Tuscaloosa County, Alabama styled *Bryan Linn Jones v. Tuscaloosa Locksmith, L.L.C., et al.*, Civil Action No. CV-2022-900116 ("*Jones* suit").

17. In the *Jones* suit, Jones alleges that he visited Tuscaloosa Locksmith's place of business on November 1, 2021 where he was injured when a firearm

discharged that was being worked on by an employee of Tuscaloosa Locksmith. (Doc. 1-1 ¶¶4-11).

18. Jones alleges that the employee of Tuscaloosa Locksmith "placed a live 270 Winchester Magnum cartridge in the chamber of the firearm inside of the establishment and slid the bolt action closed, causing the rifle to discharge." (*Id.* ¶7).

19. Jones alleges that shrapnel from a bullet struck him causing him to suffer "a large right lung pleural effusion, right hemothorax, and renal failure." (*Id.* ¶¶ 9, 11).

20. The *Jones* suit alleges negligence, negligence per se/strict liability, and wantonness against Tuscaloosa Locksmith. (*Id.* ¶¶15-30).

21. On September 9, 2022, Jones filed an Amended Complaint in the *Jones* suit naming Peter Mitchell as an additional defendant and adding a claim for negligent hiring, training, and supervision. (Doc. 19, Ex. B).

## COUNT FOR DECLARATORY JUDGMENT

22. Tuscaloosa Locksmith and Peter Mitchell incorporate by reference paragraphs 1 through 21.

23. The claims made in the *Jones* suit constitute "bodily injury" caused by an "occurrence" as those terms are defined in the Excess/Umbrella Policy.

24. Peter Mitchell is an "Insured" under Coverage B as defined by the Excess/Umbrella Policy.

25. The injury to Jones made the basis of the *Jones* suit took place during the policy period of the Excess/Umbrella Policy.

26. Travelers Casualty is currently defending Tuscaloosa Locksmith and Peter Mitchell in the *Jones* suit under a reservation of rights under the terms of the Business-PAC Policy.

27. Travelers Casualty contends that it does not have a duty to defend Tuscaloosa Locksmith and Peter Mitchell under the terms of the Excess/Umbrella Policy because it is defending Tuscaloosa Locksmith and Peter Mitchell under the Business-PAC Policy.

28. In the Complaint in this action, Travelers Casualty seeks a declaration that it does not have a duty to defend Tuscaloosa Locksmith and Peter Mitchell under the Business-PAC Policy.

29. The Excess/Umbrella Policy provides that Travelers Property has a duty to defend any insured against a "suit" for damages alleging "bodily injury" caused by an "occurrence."

30. Tuscaloosa Locksmith and Peter Mitchell deny that Travelers Casualty does not have a duty to defend them in the *Jones* suit under the terms of the Business-PAC Policy. Tuscaloosa Locksmith and Peter Mitchell expect that coverage under the Business-PAC Policy will be hotly contested. Nevertheless, if this Court finds that Travelers Casualty does not have a duty to defend Tuscaloosa Locksmith and

Peter Mitchell under the terms of the Business-PAC policy, Travelers Property would have a duty to defend them under the terms of the Excess/Umbrella Policy.

WHEREFORE, Tuscaloosa Locksmith and Peter Mitchell respectfully request the following relief:

a. That this Court declare that Travelers Property has a duty to defend Tuscaloosa Locksmith and Peter Mitchell in the *Jones* suit under the Excess/Umbrella Policy if the Court determines that Travelers Casualty does not have a duty to defend Tuscaloosa Locksmith and Peter Mitchell in the *Jones* suit under the terms of the Business-PAC Policy.

b. That awards Tuscaloosa Locksmith and Peter Mitchell their attorney fees and costs for seeking this requested declaration.

c. That this Court grant any other relief to which Tuscaloosa Locksmith and Peter Mitchell may be entitled.

**TUSCALOOSA LOCKSMITH AND PETER MITCHELL DEMAND A TRIAL BY STRUCK JURY**

Respectfully submitted,

*/s/ W. Ivey Gilmore Jr.*
W. Ivey Gilmore, Jr. ASB-4395-I66W
Walter S. Hayes ASB-2988-L47H
Attorneys for
Defendants/Counterclaimants/Cross claimants Tuscaloosa Locksmith, LLC and Peter Mitchell

16

**OF COUNSEL:**
Gilmore, Rowley, Crissey & Wilson, LLC
1905 7th Street
Tuscaloosa, Alabama 35401
Telephone: (205) 752-8338
Facsimile:  (205) 686-1516
gilmore@gilmorerowley.com
walt@gilmorerowley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joel S. Isenberg
Susan H. McCurry
A. Mark Bahakel
Ely & Isenberg, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, AL 35243
jisenberg@elylawllc.com
smccurry@elylawllc.com
mbahakel@elylawll.com

Matthew F. Carroll
Matt Carroll Law, LLC
2204 Lakeshore Drive, Suite 303
Birmingham, AL 35209
mcarroll@johnstonecarroll.com

F. Inge Johnstone
Wettermark & Keith
100 Grandview Place, Suite 530
Birmingham, Alabama 35243
ijohnstone@wkfirm.com

*/s/ W. Ivey Gilmore, Jr.*
Of Counsel for
Defendants/Counterclaimants/Cross claimants Tuscaloosa Locksmith, LLC and Peter Mitchell