# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY ) <br> INSURANCE COMPANY OF ) <br> AMERICA and TRAVELERS ) <br> PROPERTY CASUALTY ) <br> COMPANY OF AMERICA, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TUSCALOOSA LOCKSMITH, LLC, ) <br> and BRYAN LINN JONES, ) <br> ) <br> Defendants. ) | CASE NO.: 7-22-CV-00443-LSC |

## ANSWER TO AMENDED COUNTERLCIAM

COME NOW Travelers Casualty Insurance Company of America and Travelers Property Casualty Company of America (collectively "Travelers") and hereby answer the Counterclaim (Doc. 22) filed against them by Tuscaloosa Locksmith, LLC, and Peter Mitchell stating as follows:

1. Travelers, upon information and belief, admits the allegations of paragraph 1 of the Counterclaim.

2. Travelers lacks sufficient information to admit or deny whether Peter Mitchell is the sole member of Tuscaloosa Locksmith, therefore Travelers denies that portion of this allegation and demands strict proof thereof. Upon information

and belief, Travelers admits the remaining allegations of paragraph 2 of the Counterclaim

3. Admitted.

4. Admitted.

5. Travelers Casualty Insurance Company of America and Travelers Property Casualty Company of America are affiliated but separate entities.

6. Travelers, upon information and belief, admits the allegations of paragraph 6 of the Counterclaim.

7. Travelers Casualty Insurance Company of America issued a Business PAC Locksmiths Policy to Tuscaloosa Locksmith, LLC, bearing policy No. 680-1F031844-14-42 for the policy period September 19, 2014 to September 19, 2015. Travelers renewed that policy each year thereafter through September 19, 2022. Travelers denies the remaining allegations of paragraph 7 of the Counterclaim and demands strict proof thereof.

8. Travelers Indemnity Company issued an Excess Follow-Form and Umbrella Liability Insurance Policy to Tuscaloosa Locksmith, LLC, bearing policy number CUP-1F094923-14-42 for the policy period September 19, 2014 to September 19, 2015. Travelers renewed that policy each year thereafter through September 19, 2022. Travelers denies the remaining allegations of paragraph 8 of the Counterclaim and demands strict proof thereof.

9. Denied. The Business PAC Locksmiths Policy and the Excess Follow-Form and Umbrella Liability Insurance Policy were issued together based on the same information. Both policies are limited to Tuscaloosa Locksmith's locksmith operations. Neither policy covers losses arising from gunsmith and/or firearm sales and service operations.

10. The Travelers Excess Follow-Form and Umbrella Liability Insurance Policy is a written document, the terms of which speak for themselves. Travelers denies the allegations of Paragraph 10 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

11. The Travelers Excess Follow-Form and Umbrella Liability Insurance Policy is a written document, the terms of which speak for themselves. Travelers denies the allegations of Paragraph 11 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

12. The Travelers Excess Follow-Form and Umbrella Liability Insurance Policy is a written document, the terms of which speak for themselves. Travelers denies the allegations of Paragraph 12 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

13. The Travelers Excess Follow-Form and Umbrella Liability Insurance Policy is a written document, the terms of which speak for themselves. Travelers

denies the allegations of Paragraph 13 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

14. The Travelers Excess Follow-Form and Umbrella Liability Insurance Policy is a written document, the terms of which speak for themselves. Travelers denies the allegations of Paragraph 14 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

15. The Travelers Excess Follow-Form and Umbrella Liability Insurance Policy is a written document, the terms of which speak for themselves. Travelers denies the allegations of Paragraph 15 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

16. Admitted.

17. The Complaint in the *Jones* suit is a written document, the terms of which speak for themselves.  Travelers denies the allegations of Paragraph 17 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

18. The Complaint in the *Jones* suit is a written document, the terms of which speak for themselves.  Paragraph 18 appears to correctly quote a portion of the Complaint in the *Jones* suit.  Travelers denies the allegations of Paragraph 18 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

19. The Complaint in the *Jones* suit is a written document, the terms of which speak for themselves. Paragraph 19 appears to correctly quote a portion of the Complaint in the *Jones* suit. Travelers denies the allegations of Paragraph 19 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

20. The Complaint in the *Jones* suit is a written document, the terms of which speak for themselves. Travelers denies the allegations of Paragraph 20 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

21. The First Amended Complaint in the *Jones* suit is a written document, the terms of which speak for themselves. Travelers denies the allegations of Paragraph 21 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

## COUNT FOR DECLARATORY JUDGMENT

22. Travelers reasserts and incorporates by reference its responses to paragraphs 1-21 of the Counterclaim as if stated here in full.

23. Travelers lacks sufficient information at this time to admit or deny the allegations of paragraph 23 of the Counterclaim; therefore, Travelers denies those allegations and demands strict proof thereof.

24. Travelers denies the allegations of paragraph 24 and demands strict proof thereof.

25. Travelers admits that the injury to Bryan Linn Jones made the basis of the *Jones* suit is alleged to have taken place on November 1, 2021. Travelers denies the remaining allegations of paragraph 24 of the Counterclaim and demands strict proof thereof.

26. Travelers admits that it is currently defending Tuscaloosa Locksmith, LLC and Peter Mitchell in the *Jones* suit under a full reservation of rights. Travelers denies the remaining allegations of paragraph 26 of the Counterclaim and demands strict proof thereof.

27. Travelers admits that one of the reasons it currently does not have a duty to defend Tuscaloosa Locksmith, LLC and/or Peter Mitchell under the terms of the Excess Follow-Form and Umbrella Liability Insurance Policy is that Travelers is currently defending Tuscaloosa Locksmith, LLC and Peter Mitchell under the Business PAC Locksmiths Policy. Travelers denies the remaining allegations of paragraph 27 of the Counterclaim and demands strict proof thereof.

28. Travelers admits that it seeks a declaration that it does not have a duty to defend Tuscaloosa Locksmith, LLC and/or Peter Mitchell in the *Jones* suit. The Complaint filed by Travelers in this action is a written document, the terms of which speak for themselves. Travelers denies the allegations of Paragraph 28 to the extent

those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

29. The Travelers Excess Follow-Form and Umbrella Liability Insurance Policy is a written document, the terms of which speak for themselves. Travelers denies the allegations of Paragraph 29 to the extent those allegations paraphrase, interpret, or alter the meaning of the terms of the written document.

30. Denied.

Travelers denies that Tuscaloosa Locksmith, LLC and/or Peter Mitchell are/is entitled to the relief sought in the unnumbered paragraph following paragraph 30 of the Counterclaim and demands strict proof thereof.

Travelers specifically denies that Tuscaloosa Locksmith, LLC and/or Peter Mitchell are/is entitled to recover attorney fees and costs for seeking a declaration.

## **AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that any one or more of the following defenses should be available to Travelers in this matter. Travelers therefore asserts said defenses in order to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Travelers may withdraw any of these defenses as may be appropriate. Furthermore, Travelers reserves the right to amend this answer. Further answering and by way of defense and affirmative defense, Travelers states as follows:

**FIRST DEFENSE**

To the extent that Travelers has not expressly admitted any allegations contained in the Counterclaim, Travelers denies those allegations and demands strict proof thereof.

**SECOND DEFENSE**

The Counterclaim fails to state a cause of action against Travelers upon which relief may be granted.

**THIRD DEFENSE**

Travelers asserts as a defense all of the allegations contained in its Complaint for Declaratory Judgment.

**FORTH DEFENSE**

Travelers asserts that the Counterclaim Plaintiffs are not entitled to policy benefits under the Policies at issue.

**FIFTH DEFENSE**

Travelers asserts that the Counterclaim Plaintiffs are not entitled to coverage under the Policies at issue because the claims and damages asserted in the *Jones* suit do not meet the insuring agreement of the Policies.

## SIXTH DEFENSE

Travelers asserts that the Counterclaim Plaintiffs are not entitled to coverage under the Policies at issue because coverage is barred by policy exclusions.

## SEVENTH DEFENSE

Travelers asserts that the Counterclaim Plaintiffs are not entitled to coverage under the Policies at issue because the conditions of the Policies have not been met, including but not limited to policy conditions relating to misrepresentations.

## EIGHTH DEFENSE

Travelers asserts that the Counterclaim Plaintiffs are not entitled to coverage under the Policies at issue to the extent they are not an insured under the policies.

## NINTH DEFENSE

Travelers asserts the affirmative defenses of waiver and estoppel, including but not limited to equitable estoppel, judicial estoppel, and promissory estoppel.

## TENTH DEFENSE

Travelers asserts that the Counterclaim Plaintiffs' cause of action is barred by the doctrines of res judicata and/or collateral estoppel.

## ELEVENTH DEFENSE

Travelers asserts that the Counterclaim Plaintiffs' cause of action is barred by failure of consideration.

## TWELFTH DEFENSE

Travelers asserts that the Counterclaim Plaintiffs' cause of action is barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE

Travelers asserts that the Counterclaim Plaintiffs breached their duty under the law to mitigate any damage suffered.

## FOURTEENTH DEFENSE

Travelers reserves the right to supplement or amend this answer and/or raise additional affirmative defenses after completion of further investigation and discovery.

Respectfully submitted,

/s/ Joel S. Isenberg
Joel S. Isenberg (ASB-8855-N76J)
Susan H. McCurry (ASB-5544-G54S)
Robert E. Norton (ASB-6568-E59N)
Attorneys for Plaintiffs Travelers
Casualty Insurance Company of
America and Travelers Property
Casualty Company of America

**OF COUNSEL:**
ELY & ISENBERG, LLC
3500 Blue Lake Drive, Suite 345
Birmingham, Alabama 35243
Phone: (205) 313-1200
Facsimile: (205) 313-1201
jisenberg@elylawllc.com
smccurry@elylawllc.com
rnorton@elylawllc.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF electronic filing system and/or U.S. Mail on this the 5th day of December, 2022.

W. Ivey Gilmore, Jr.
Walter S. Hayes
Gilmore, Rowley, Crissey & Wilson, LLC
1905 7th Street
Tuscaloosa, Alabama 35401
gilmore@gilmorerowley.com
walt@gilmorerowley.com

Joley N. Dixon
F. Inge Johnstone
JOHNSTONE CARROLL LLC
2204 Lakeshore Drive, Suite 303
Birmingham, Alabama 35209
joley@johnstonecarroll.com
ijohnstone@johnstonecarroll.com

                                            s/ Joel S. Isenberg
                                            OF COUNSEL